UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT DENMARK

Plaintiff.

Case No. 2:26-cv-13162 _____

v.

Honorable __________

Officer Nicholas Hofer;
Officer Perry Teolis;
Officer Anthony Giannola;
Officer Nicholas Gushen;
City of Warren.

Defendants.

---

**COMPLAINT**

COMES NOW Plaintiff by and through counsel and states:

**PARTIES**

1. Plaintiff David Scott Denmark is a resident of Sterling Heights, Michigan.
2. Defendant Officer Nicholas Hofer is a police officer employed by the Warren Police Department and is sued in his individual capacity.
3. Defendant Officer Perry Teolis is a police officer employed by the Warren Police Department and is sued in his individual capacity.
4. Defendant Officer Anthony Giannola is a police officer employed by the Warren Police Department and is sued in his individual capacity.

5. Defendant Officer Nicholas Gushen is a police officer employed by the Warren Police Department and is sued in his individual capacity.
6. Defendant City of Warren is a municipal corporation organized under the laws of the State of Michigan.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, as this case arises under the Constitution of the United States, specifically the Fourth Amendment USCS Const. Amend. 4, and federal civil rights laws, specifically 42 U.S.C. § 1983. This Court also has jurisdiction pursuant to 28 USCS § 1343, which provides jurisdiction for civil rights claims.
8. This Court has personal jurisdiction over Officer Hofer as he is employed by the City of Warren and conducted the actions at issue within Michigan.
9. This Court has personal jurisdiction over Officer Teolis as he is employed by the City of Warren and conducted the actions at issue within Michigan.
10. This Court has personal jurisdiction over Officer Giannola as he is employed by the City of Warren and conducted the actions at issue within Michigan.
11. This Court has personal jurisdiction over Officer Gushen as he is employed by the City of Warren and conducted the actions at issue within Michigan.
12. This Court has personal jurisdiction over the City of Warren as it is a municipal corporation organized under the laws of the State of Michigan.

13. This Court is the proper venue for this case pursuant to 28 USCS § 1391, as a substantial part of the events giving rise to the claims occurred in Warren, Michigan, which is located in the Eastern District of Michigan.

**STATEMENT OF FACTS**

14. On December 9, 2025, Plaintiff David Scott Denmark was driving his vehicle in Warren, Michigan.
15. Defendant Officer Hofer initiated a traffic stop of Plaintiff's vehicle.
16. Officer Hofer falsely claimed that Plaintiff had straddled lanes, which was the purported basis for the traffic stop.
17. Plaintiff did not straddle any lanes while driving.
18. During the encounter, Plaintiff knew he did nothing wrong and that Defendant Hofer was lying, so Plaintiff was short and terse with Officer Hofer.
19. Officer Hofer then ordered Plaintiff to exit his vehicle.
20. Plaintiff complied with Officer Hofer's order.
21. Officers Hofer, Teolis, Giannola, and Gushen detained Plaintiff outside his vehicle.
22. Officer Hofer ordered Plaintiff out of the vehicle, searched him, prolonged the detention, and/or initiated or prolonged a dog search of Plaintiff's car in retaliation for Plaintiff's protected speech because Plaintiff was short and terse with Officer Hofer.

23. With Plaintiff detained, Officer Hofer had a police dog search Plaintiff's vehicle.
24. The police dog entered Plaintiff's vehicle and searched the front seats.
25. After the dog search, Officer Hofer conducted his own search.
26. No illegal items were found during the search of Plaintiff's vehicle.
27. Plaintiff did not consent to the search of his vehicle.
28. There was no warrant authorizing the search of Plaintiff's vehicle.
29. There were no exigent circumstances justifying the warrantless search of Plaintiff's vehicle.
30. There was no other lawful basis for the search of Plaintiff's vehicle.
31. Officers Teolis, Giannola, and Gushen observed the search of Plaintiff's vehicle and failed to intervene to prevent the unlawful search.
32. Officers Teolis, Giannola, and Gushen participated in the illegal search in that they detained Mr. Denmark while Officer Hofer conducted the illegal search.
33. Officer Hofer issued Plaintiff a citation for straddling lanes.
34. On August 28, 2026, the citation was dismissed at the joint request of the prosecutor and Plaintiff's counsel.
35. Plaintiff had done nothing illegal, yet was treated by Defendants like a criminal.,
36. Defendants' actions were done wantonly, sadistically, intentionally, purposely, purposefully, recklessly, knowingly, and with deliberate indifference and reckless disregard to Plaintiff's rights.

## CLAIMS FOR RELIEF

### Count I - Fourth Amendment Violation Unlawful Traffic Stop in Violation of 42 USCS § 1983 (against defendant Officer Hofer)

37. Plaintiff repeats and realleges all prior allegations.

38. Defendant Officer Hofer acted under color of state law.

39. Defendant Officer Hofer was acting in his capacity as a police officer for the Warren Police Dept. when he stopped Plaintiff's vehicle on December 9, 2025.

40. Defendant Hofer deprived Plaintiff of his right to be free from unreasonable seizures as secured by the Fourth Amendment to the United States Constitution.

41. Defendant Hofer stopped Plaintiff's vehicle claiming that Plaintiff had straddled lanes, which Plaintiff denies.

42. Defendant Hofer lacked reasonable suspicion that Plaintiff had committed a traffic violation or was engaged in criminal activity.

43. Defendant Hofer's actions caused Plaintiff to suffer harm.

### Count II — First Amendment Violation: Retaliatory Detention, Search, And Prolonged Stop In Violation Of 42 U.S.C. § 1983 (Against Defendant Officer Hofer)

44. Plaintiff repeats and realleges all prior allegations.

45. Defendant Officer Hofer acted under color of state law.

46. Plaintiff engaged in speech protected by the First Amendment to the United States Constitution when he spoke to Officer Hofer in a short, terse, and perhaps somewhat rude manner during the traffic stop on December 9, 2025.
47. The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.
48. Plaintiff's speech was not incitement or present a clear and present danger.
49. Defendant Hofer took adverse action against Plaintiff in response to Plaintiff's protected speech.
50. Specifically, Officer Hofer ordered Plaintiff out of the vehicle, searched him, prolonged the detention, and/or initiated or prolonged a dog search of Plaintiff's car in retaliation for Plaintiff's protected speech.
51. These adverse actions would deter a person of ordinary firmness from engaging in protected speech.
52. Defendant Officer Hofer's retaliatory actions were motivated, at least in part, by Plaintiff's exercise of his First Amendment rights.
53. There is a causal connection between Plaintiff's protected speech and Officer Hofer's adverse actions, as the actions followed Plaintiff's speech and were taken because Plaintiff was short, terse, and somewhat rude with Officer Hofer, and Officer Hofer immediately responded with illegals actions.
54. Defendant Hofer's actions caused Plaintiff to suffer harm.

**Count III - Fourth Amendment Violation**
**Unlawful Detention in Violation of 42 USCS § 1983**
**(against defendants Officer Hofer, Officer Teolis, Officer Giannola, and Officer Gushen)**

55. Plaintiff repeats and realleges all prior allegations.
56. Defendants acted under color of state law.
57. Defendants were acting in their capacities as police officers for the Warren Police Department when they detained Plaintiff on December 9, 2025.
58. Defendants deprived Plaintiff of his right to be free from unreasonable seizures as secured by the Fourth Amendment to the United States Constitution.
59. Defendants detained Plaintiff outside his vehicle while they conducted a dog sniff and search of his vehicle.
60. The detention exceeded the scope and duration reasonably related to the circumstances that justified the initial stop.
61. Defendants lacked reasonable suspicion of additional criminal activity to justify the prolonged detention.
62. Defendants' actions caused Plaintiff to suffer damages.

**Count IV - Fourth Amendment Violation**
**Unlawful Search in Violation of 42 USCS § 1983**
**(against defendant Officer Hofer)**

63. Plaintiff repeats and realleges all prior allegations.
64. Defendant Officer Hofer acted under color of state law.

65. Defendant Officer Hofer was acting in his capacity as a police officer for the Warren Police Dept. when he searched Plaintiff's vehicle on December 9, 2025.

66. Defendant Hofer deprived Plaintiff of his right to be free from unreasonable searches as secured by the Fourth Amendment.

67. Defendant Hofer conducted a search of Plaintiff's vehicle, including having a police dog enter the vehicle to search the front seats.

68. Defendant Hofer then personally entered and searched Plaintiff's vehicle.

69. The search was conducted without a warrant.

70. Plaintiff did not consent to the search.

71. There were no exigent circumstances justifying the warrantless search.

72. There was no probable cause that the vehicle contained evidence of a crime.

73. Defendant Officer Hofer's actions caused Plaintiff to suffer damages, including but not limited to emotional distress, humiliation, and violation of his constitutional rights.

**Count V - Failure to Intervene in Violation of 42 USCS § 1983**
**(against defendants Officer Teolis, Officer Giannola, and Officer Gushen)**

74. Plaintiff repeats and realleges all prior allegations.

75. Defendants Officer Teolis, Officer Giannola, and Officer Gushen acted under color of state law.

76. Defendants Officer Teolis, Officer Giannola, and Officer Gushen were acting in their capacities as police officers for the Warren Police Department when they failed to intervene in the unlawful search and seizure on December 9, 2025.

77. Defendants Teolis, Giannola, and Gushen observed or had reason to know that Officer Hofer was violating Plaintiff's constitutional rights.

78. Defendants Officer Teolis, Officer Giannola, and Officer Gushen were present during the unlawful detention and search of Plaintiff's vehicle.

79. Defendants Officer Teolis, Officer Giannola, and Officer Gushen had a realistic opportunity to intervene and prevent the harm from occurring.

80. Defendants Teolis, Giannola, and Gushen failed to reasonably intervene.

81. Defendants Officer Teolis, Officer Giannola, and Officer Gushen's failure to intervene caused Plaintiff to suffer harm.

**Count VI - Monell Claim**
**Unconstitutional Custom or Practice in Violation of 42 USCS § 1983**
**(against defendants City of Warren and Warren Police Department)**

82. Plaintiff repeats and realleges all prior allegations.

83. Plaintiff was deprived of his constitutional rights under the Fourth Amendment.

84. Defendant City of Warren through the Warren Police Department maintained a policy, custom, or practice that was the moving force behind the constitutional violations suffered by Plaintiff.

85. The involvement of multiple officers in the unlawful detention and search of Plaintiff's vehicle suggests that the constitutional violations were not isolated incidents but rather the result of a departmental custom or practice.

86. Defendants City of Warren through the Warren Police Department acted with deliberate indifference to the constitutional rights of persons with whom the police come into contact, including Plaintiff.

87. As a direct and proximate result of Defendants' unconstitutional policies, customs, or practices, Plaintiff suffered damages.

**Count VII - Monell Claim**
**Failure to Train or Supervise in Violation of 42 USCS § 1983**
**(against defendants City of Warren and Warren Police Department)**

88. Plaintiff repeats and realleges all prior allegations.

89. Plaintiff was deprived of his constitutional rights under the Fourth Amendment.

90. Defendants City of Warren and Warren Police Department failed to adequately train or supervise their officers regarding constitutional requirements for traffic stops, detentions, and vehicle searches.

91. The fact that multiple officers participated in the constitutional violations shows inadequate training on Fourth Amendment requirements.

92. Defendant City of Warren through the Warren Police Department's failure to train or supervise amounted to deliberate indifference to the rights of persons with whom the police come into contact, including Plaintiff.

93. As a direct and proximate result of Defendants' failure to train or supervise, Plaintiff suffered damages, including but not limited to emotional distress, humiliation, and violation of his constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

a. Compensatory damages against all Defendants in an amount to be determined at trial.

b. Punitive damages against the individual Defendants in amounts to be determined at trial.

c. Reasonable attorney's fees and costs pursuant to 42 USCS § 1988, and any other applicable legal basis.

d. Such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Solomon M. Radner
SOLOMON M. RADNER (P73653)
Radner Law Group PLLC
Attorney for Plaintiff
17515 West Nine Mile Road, Suite 1050
Southfield, MI 48075
Solomon@RadnerLawGroup
Phone: 877-723-6375
Fax: 866-571-1020

Dated: September 2, 2026

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Solomon M. Radner

SOLOMON M. RADNER (P73653)
Radner Law Group PLLC
Attorney for Plaintiff
17515 West Nine Mile Road, Suite 1050
Southfield, MI 48075
Solomon@RadnerLawGroup
Phone: 877-723-6375
Fax: 866-571-1020

Dated: September 2, 2026